IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


ROSIE T. SINGLETON                                        PLAINTIFF

VS.                              CIVIL ACTION NO. 3:05CV415-WHB-JCS

BLUE CROSS AND BLUE SHIELD
OF ALABAMA, D/B/A CAHABA
GOVERNMENT BENEFIT ADMINISTRATORS                         DEFENDANT


<u>OPINION AND ORDER</u>

This cause is before the Court on the Motion for Summary Judgment of Defendant Blue Cross and Blue Shield of Alabama (hereinafter "Blue Cross"). Also considered herewith is the Motion of Blue Cross to Strike an Affidavit submitted in Plaintiff's Response to Motion for Summary Judgment. The Court finds that neither of these Motions is well taken, and that both should be denied.

Plaintiff Singleton worked as a Provider Enrollment Specialist for Blue Cross. She was responsible for entering the applications of medical providers onto a computer system. Singleton was fired from Blue Cross on October 13, 2004. The stated reason for her termination was intentionally falsifying company records to inflate her production numbers. The inflated production numbers qualified Singleton for a bonus.

Aggrieved by her employment termination, Singleton filed the subject suit in state court on June 9, 2005. The case was properly

removed to this Court on July 7, 2005.  In her Complaint, Singleton alleges employment discrimination based on her age (44 years) and her status as a pregnant person during the relevant time period. Plaintiff also asserts a claim for emotional distress.

The Court has reviewed both the arguments of the parties and the evidence presented by the parties.  Regarding Singleton's wrongful termination claim, the familiar McDonnell Douglas burden shifting framework applies to both the discrimination claim based on age and the discrimination claim based on pregnancy.  The Court finds that Plaintiff has satisfied its burden to overcome summary judgment under the standards set forth in McDonnell Douglas. Accordingly, the Motion must be denied on the discrimination claims.

Blue Cross also argues that Singleton's emotional distress claim should be dismissed.  Under Mississippi law, "a cause of action for intentional infliction of emotional distress in a workplace environment has usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." Lee v. Golden Triangle Planning & Dev. Dist., Inc., 797 So.2d 845, 851 (Miss. 2001)(citation omitted); Starks v. City of Fayette, No. 2004-CA-01451-COA, 2005 WL 2358370 at *6 (Miss. Ct. App. Sept. 27, 2005)(citations omitted).  Such a claim "will not ordinarily lie for mere employment disputes." Lee, 797 So.2d at 851 (citation omitted); Starks, 2005 WL 2358370 at *6 (citations

2

omitted).  "Only in the most unusual cases does the conduct [of an employer] move out of the realm of an ordinary employment dispute into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress." <u>Raiola v. Chevron, U.S.A., Inc.</u>, 872 So.2d 79, 85 (Miss. 2004)(citation omitted).

Singleton contends *inter alia* that her emotional distress claim survives summary judgment because her supervisor wrongfully accused her of fraud, i.e., intentionally falsifying company records in order to receive a production bonus.  Without passing judgment on the actual merits of Singleton's argument, the Court finds that wrongful allegations of fraud are sufficiently "extreme and outrageous" to be "out of the realm of an ordinary employment dispute[.]"  <u>See</u>  <u>Raiola</u>, 872 So.2d at 85.  The Court therefore finds that the Motion for Summary Judgment on the emotional distress claim must be denied.

Based on the above analyses, the Motion for Summary Judgment must be denied.  Regarding the Motion of Blue Cross to Strike the Affidavit of Pat Bernard, the Court finds that it should be denied as moot because the contents of the Affidavit had no effect on the denial of the Motion for Summary Judgment.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (docket entry no. 21) is hereby denied.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Affidavit (docket entry no. 28) is hereby denied.

SO ORDERED this the 4th day of August, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct

4